## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## WINCHESTER DIVISION

**KERRY HANAK,**

      **Plaintiff,**

**v.**

**TT of FAYETTEVILLE, INC., d/b/a**
**FAYETTEVILLE CHRYSLER DODGE**
**JEEP AND RAM and KYLE HAMMACK**        **(Jury Trial Requested)**

      **Defendant.**

_____/

## COMPLAINT

Fayetteville Chrysler Dodge Jeep and Ram ("FCDJR") subjected Plaintiff Kerry Hanak to a hostile work environment on the basis of race and sex. Kyle Hammack, the General Manager, repeatedly made racist comments in the workplace to Mr. Hanak and sexually harassed him on an ongoing basis. Mr. Hammack is a serial harasser. FCDJR knew or should have known of Mr. Hammack's racially and sexually harassing behavior because other FCDJR employees had made complaints against him and despite Mr. Hammack's pattern of harassment, FCDJR took no meaningful steps to address his illegal behavior. When Mr. Hanak objected to Mr. Hammack's discriminatory behavior, Mr. Hammack terminated Mr. Hanak. As such, Mr. Hanak files this Complaint of harassment and retaliation in violation of the Tennessee Human Rights Act ("THRA"), Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §1981 and Tennessee common law.

## PARTIES

1.     Plaintiff, Mr. Kerry Hanak ("Hanak"), a Hispanic and Indian man, is a citizen and resident of Lincoln County, Tennessee, and a former employee of Defendant.

2.       Defendant TT of Fayetteville, Inc. is a Tennessee For Profit Corporation licensed to transact business in Tennessee and does business as Fayetteville Chrysler Dodge Jeep and Ram ("FCDJR"). Its registered agent for service of process is Corporation Service Company, 2908 Poston Ave, Nashville, TN 37203-1312. At all material times, Defendant has been an employer as defined by Title VII of the Civil Rights Act of 1964 and the Tennessee Human Rights Act.

## JURISDICTION AND VENUE

3.       This is an action for declaratory and monetary relief caused by Defendant's violations of Title VII of the Civil Rights Act of 1964, the Tennessee Human Rights Act ("THRA"), T.C.A. § 4-21-101 *et seq*, 42 U.S.C. § 1981, and state common law.

4.       This Court has jurisdiction over this action because the actions complained of occurred in the Eastern District of Tennessee, specifically Lincoln County.

5.       The Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(4), and 1367(a). Venue is proper under 28 U.S.C. § 1391.

6.        Plaintiff complied with all conditions precedent to the filing of his claims pursuant to 42 U.S.C. § 12101 *et. seq*, to wit: a charge of discrimination against Defendant was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the unlawful employment practice; the EEOC issued Plaintiff a Notice of Right to Sue for the Charge and this action was commenced within 90 days of receipt of Notice of Right to Sue.

## FACTUAL BACKGROUND

7.        Plaintiff, Mr. Kerry Hanak, was employed as a Finance Manager for Defendant since August 2021.

8.       Mr. Hanak is of mixed racial descent. In particular, he is Hispanic and Asian (Indian-American), Mr. Hanak was the only employee of FCDJR of this mixed race.

2

9.      For the entirety of Mr. Hanak's employment, Mr. Kyle Hammack was the General Manager of FCDJR.

10.     Mr. Hammack was aware of Mr. Hanak's Hispanic and Asian heritage.

11.     Mr. Hammack, regularly and consistently, made sexist, racist, and sexual remarks to Mr. Hanak around the dealership. Co-workers, colleagues, and other managers witnessed this behavior.

12.     Mr. Hammack would rub Mr. Hanak's shoulders, grab Mr. Hanak's groin area, rub his dip can over Mr. Hanak's backside and then put it in his face, and stand in front of Mr. Hanak's chair and put his groin in Mr. Hanak's face.

13.     Mr. Hanak was offended by the comments made by Mr. Hammack and felt physically unsafe.

14.     Mr. Hanak repeatedly asked Mr. Hammack to not make such offensive comments around him and to stop touching him.

15.     On information and belief, Defendant had an anti-harassment policy which laid out the steps for reporting harassment. Defendant's policy defined sexual harassment, in part, as:

> "Offensive sexual remarks, sexual advances, or requests for sexual favors regardless of the gender of the individuals involved."

16.     Defendant's policy provided that any complaints were to be first discussed with the Controller, or if you feel you cannot speak to the Controller, to discuss with the General Manager, or if you feel you cannot speak with the General Manager, to contact the Dealership's Automotive Management Services.

17.     Mr. Hanak attempted to address his complaints of sexual harassment to Mr. Hammack directly, as he was the General Manager.

3

18.     Prior to Mr. Hanak's employment, Mr. Hammack was previously accused of sexual harassment on multiple occasions by various employees.

19.     Mr. Hammack had also been accused of race discrimination and retaliation prior to Mr. Hanak's employment.

20.     Mr. Hammack would speak and joke to employees about the complaints of sexual harassment and discrimination alleged against him.

21.     FCDJR's Human Resources and owner were aware of the previous complaints against Mr. Hammack.

22.     Around November 2021, Mr. Hanak spoke to Marty Williams, Human Resources, and informed her that Mr. Hammack was touching him inappropriately.

23.     In response, Ms. Williams told Mr. Hanak to not say "things like that," that FCDJR had "already been through enough." She then stated, "You don't want to lose your job, do you?"

24.     On April 4, 2022, Mr. Hammack's sexual harassment escalated when he humped on Mr. Hanak simulating sex. In particular, Mr. Hammack grabbed Mr. Hanak from behind, pinned his arms behind him, and began thrusting his hips against Mr. Hanak's backside.

25.     Around this same time, Mr. Hammack took a Snapchat photo of Mr. Hanak wearing a hat and wrote over the photo, "Goddamned Taliban."

26.     Mr. Hanak objected to Mr. Hammack's behaviors, told him to stop, and told him his behavior was offensive.

27.     Soon after engaging in the unwanted humping incident and Mr. Hanak's protected conduct, Mr. Hammack terminated Mr. Hanak for a pretextual reason. In particular, Mr. Hammack and Mr. Hanak had a disagreement regarding three purchase contracts. Mr. Hammack used this routine disagreement to terminate Mr. Hanak on April 5, 2022.

4

28.   Other employees, who have not made complaints of sexual harassment or discrimination, have had similar disagreements with Mr. Hammack and were not terminated.

29.   Defendant is vicariously liable for the sexual harassment perpetrated against Mr. Hanak and is liable for failing to remedy sex harassment in the workplace. As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## Count I
### Violation of THRA- Sex Harassment

30.   Plaintiff restates and incorporates herein the above paragraphs in their entirety.

31.   Plaintiff was subjected to a hostile work environment on the basis of sex in Defendant's workplace because of his sex, male.

32.   The sex-based harassment was severe or pervasive.

33.    Plaintiff reported and/or protested incidents of harassment by his supervisor, the General Manager.

34.   Defendant was aware of previous complaints of sex discrimination perpetuated by its General Manager and failed to remedy and/or prevent sexual harassment in the workplace in a prompt and effective manner.

35.    Defendant is vicariously liable for the sexual harassment perpetrated against Plaintiff and is liable for failing to remedy sex harassment in the workplace.

36.   As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## Count II

5

**Violation of THRA- Race Harassment**

37.    Plaintiff restates and incorporates herein the above paragraphs in their entirety.

38.    Plaintiff was subjected to a hostile work environment in Defendant's workplace because of his race, Hispanic and Asian.

39.    The race-based harassment was severe or pervasive.

40.    Plaintiff reported and/or protested incidents of harassment by his supervisor, the General Manager and HR. Defendant failed to respond to Plaintiff's complaints of harassment or cease his harassment of Plaintiff.

41.    Defendant was aware of previous complaints of race discrimination perpetuated by its General Manager and failed to remedy and/or prevent race harassment in the workplace in a prompt and effective manner.

42.    Defendant is vicariously liable for the racial harassment perpetrated against Plaintiff and is liable for failing to remedy race harassment in the workplace.

43.    As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## COUNT III
### Retaliation under THRA

44.    Plaintiff restates and incorporates herein the allegations in the above paragraphs.

45.    It is the public policy and law of the State of Tennessee that employees must be able to exercise their rights under state and federal discrimination law without fear of reprisal or penalty from an employer.

46.     Plaintiff objected to and protested sex and race discrimination in the workplace. Such actions by the Plaintiff are statutorily protected activities under the Tennessee Human Rights Act.

47.     In violation of the THRA, Defendant terminated Plaintiff's employment in retaliation for engaging in protected activity by protesting sex and race-based harassment perpetuated Defendant's General Manager.

48.     Defendant retaliated against Plaintiff by taking adverse action against him as a result of his protected activity – complaints and protests of race and sex harassment/discrimination in the workplace.

49.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

**Count IV**
**Violation of Title VII- Sex Harassment**

50.     Plaintiff restates and incorporates herein the above paragraphs in their entirety.

51.     Plaintiff was subjected to a hostile work environment in Defendant's workplace because of his sex, male.

52.     The sex-based harassment was severe or pervasive.

53.      Plaintiff reported and/or protested incidents of harassment by his supervisor, the General Manager and HR. Defendant failed to respond to Plaintiff's complaints of harassment or cease his harassment of Plaintiff.

54.     Defendant was aware of previous complaints of sexual harassment perpetuated by its General Manager and failed to remedy and/or prevent sexual harassment in the workplace in a prompt and effective manner.

55.     Defendant is vicariously liable for the sexual harassment perpetrated against Plaintiff and is liable for failing to remedy sexual harassment in the workplace.

56.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## Count V
## Violation of Title VII- Race Discrimination

57.     Plaintiff restates and incorporates herein the above paragraphs in their entirety.

58.     Plaintiff was subjected to a hostile work environment in Defendant's workplace because of his race, Hispanic and Asian.

59.     The race-based harassment was severe or pervasive

60.     Plaintiff reported and/or protested incidents of race discrimination by his supervisor, the General Manager. Defendant failed to respond to Plaintiff's complaints of discrimination or cease his discrimination of Plaintiff.

61.     Defendant was aware of previous complaints of race discrimination perpetuated by its General Manager and failed to remedy and/or prevent race discrimination in the workplace in a prompt and effective manner.

62.     Defendant is vicariously liable for the race discrimination perpetrated against Plaintiff and is liable for failing to remedy race discrimination in the workplace.

63.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and, at times, lost earnings and benefits.

## COUNT VI
## Retaliation under Title VII

64.     Plaintiff restates and incorporates herein the allegations in the above paragraphs.

65.     It is the public policy and federal law that employees must be able to exercise their rights under state and federal discrimination law without fear of reprisal or penalty from an employer.

66.     Plaintiff objected to and protested sex and race discrimination in the workplace. Such actions by the Plaintiff are statutorily protected activities under Title VII of the Civil Rights Act of 1964.

67.     In violation of Title VII, Defendant terminated Plaintiff's employment in retaliation for engaging in protected activity after protesting the race discrimination and sexual harassment perpetuated by his supervisor, General Manager.

68.     Defendant retaliated against Plaintiff because of his protected activity by taking adverse action against Plaintiff. As a result of Plaintiff's complaints and protests of sexual and race harassment/discrimination in the workplace, Defendant terminated his employment for a pretextual reason.

69.     Defendant was aware of previous complaints of race discrimination and sexual harassment perpetuated by its General Manager and failed to remedy and/or prevent race harassment in the workplace in a prompt and effective manner.

70.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

## COUNT VII
### Discrimination, Hostile Work Environment and Retaliation under 42 U.S.C. § 1981

71.     Plaintiff restates and incorporates herein the allegations in the above paragraphs.

9

72.     Plaintiff was subjected to discrimination and a hostile work environment in Defendant's workplace because of his race, Hispanic and Asian.

73.     The race-based harassment was severe or pervasive

74.     It is the public policy and law of the United States that employees must be able to exercise their rights under state and federal discrimination law without fear of reprisal or penalty from an employer.

75.     Plaintiff objected to and protested race harassment/discrimination in the workplace. Such actions by the Plaintiff are statutorily protected activities under 42 U.S.C. § 1981.

76.     In violation of 42 U.S.C. § 1981, Defendant terminated Plaintiff's employment in retaliation for exercising his rights.

77.     Defendant retaliated against Plaintiff because of his protected activity by taking adverse action against Plaintiff. As a result of Plaintiff's complaints and protests of race discrimination in the workplace, Defendant terminated his employment for a pretextual reason.

78.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer emotional pain, suffering, professional and personal embarrassment, humiliation, loss of enjoyment of life, inconvenience and lost earnings and benefits.

**Count VIII**
**Intentional Infliction of Emotional Distress**

79.     Plaintiff restates and incorporates herein the allegations in the above paragraphs.

80.     Defendant engaged in extreme and outrageous conduct toward Plaintiff by subjecting him to both sexual and racial harassment, refusing to address his complaints in a meaningful way despite its knowledge it employed a serial harasser, and then depriving him of gainful employment due to his complaints.

81.    Mr. Hammack's sexual harassment toward Plaintiff was intentional or reckless, outrageous, not conduct tolerated in our society, and was intended to and did cause serious physical and mental injury.

82.    Defendant was aware of previous complaints of race discrimination and numerous complaints of sexual harassment perpetuated by its General Manager and failed to remedy and/or prevent race harassment in the workplace in a prompt and effective manner.

83.    Defendant's lack of action to protect Plaintiff from sexual and racial harassment and retaliation was intentional or reckless, outrageous, not conduct tolerated in our society, which was intended to and did cause serious physical and mental injury.

84.    Defendant intended to cause emotional distress or recklessly disregarded whether its conduct would cause emotional distress.

85.    Defendant's conduct caused Plaintiff severe emotional distress.

## COUNT IX

### (Common Law Assault and Battery- Against Hammack)

86.    Plaintiff restates and incorporates herein the allegations in the above paragraphs.

87.    Plaintiff suffered an assault and battery at Defendant FCDJR's premises by Defendant Hammack.

88.    As a result, Plaintiff has been damaged and is entitled to recover damages, including, but not limited to, damages for physical and emotional injury, economic damages, consequential damages, punitive damages, costs, interest and any other legal and equitable relief to which he may be entitled.

### PRAYER FOR RELIEF& JURY DEMAND

WHEREFORE, premises considered, Plaintiff prays for the following relief:

A.    Declaratory Relief that Defendant violated Plaintiff's Civil Rights;

11

B.      Monetary award of damages for Back Pay and Front Pay;

C.      Pre- and post-judgment interest;

D.      Compensatory Damages and Punitive Damages;

E.      Attorney's fees and costs, and expenses of the action;

F.      All other legal and equitable relief to which Plaintiff shows he is

entitled, and which is just and proper; and

G.      A jury trial.


*/s/ Heather Moore Collins*
Heather Moore Collins, BPR # 26099
Ashley Walter, BPR # 37651
Caroline Drinnon, BPR #037016
HMC Civil Rights Law, PLLC
7000 Executive Center Drive, Suite 320
Brentwood, TN 37027
heather@hmccivilrights.com
ashley@hmccivilrights.com
caroline@hmccivilrights.com
*Attorneys for Plaintiff*